UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WAYNE I.,

                **Plaintiff,**

v.                                                        5:19-CV-709 (NAM)

ANDREW M. SAUL, COMMISSIONER
OF SOCIAL SECURITY,

                **Defendant.**
_____

**Appearances:**

Howard D. Olinsky
Olinsky Law Group
250 South Clinton Street, Suite 210
Syracuse, New York 13202
*Attorney for Plaintiff*

Kevin M. Parrington
Social Security Administration
J.F.K. Federal Building, Room 625
15 New Sudbury Street
Boston, Massachusetts 02203
*Attorney for Defendant*

**Hon. Norman A. Mordue, Senior United States District Court Judge**

### ORDER OF THE COURT

Now before the Court is Plaintiff's motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Dkt. No. 14). The Commissioner has not filed a response and therefore does not appear to oppose the requested fees. As background, Plaintiff commenced this action on June 14, 2019, seeking review of the Commissioner's denial of his application for Social Security disability benefits under the Social Security Act. (Dkt. No. 1).

The Court issued a Memorandum-Decision and Order on July 1, 2020, entering judgment in Plaintiff's favor and remanding the matter for further proceedings. (Dkt. Nos. 12, 13).

To qualify for attorney's fees under the EAJA, the plaintiff must demonstrate that: (1) he is the prevailing party; (2) he is eligible to receive an award; and (3) the position of the United States was not substantially justified. 28 U.S.C. § 2412(d)(1)(B). Even if an agency's position was not substantially justified, an award of fees may be reduced or denied if "special circumstances" would make an otherwise proper award "unjust." *Id.* at § 2412(d)(1)(A).

As the prevailing party, Plaintiff moves for attorney's fees in the amount of $4,923.66. (Dkt. No. 14). Specifically, Plaintiff's counsel seeks an award of fees for 20.8 hours of attorney time at a rate of $208.83 per hour, and 5.8 hours of paralegal time at a rate of $100 per hour. (Dkt. No. 14-1, p. 2). The Court has reviewed Plaintiff's submissions and finds that his request is not unreasonable. In addition, based on its lack of response, the Court finds that the Government's position was not substantially justified.

Further, Plaintiff requests that the Court make the fee award payable directly to his counsel. (Dkt. No 14-6, p. 2). Generally, the EAJA "awards the fees to the litigant, and thus subjects them to a federal administrative offset if the litigant has outstanding federal debts." *Astrue v. Ratliff*, 560 U.S. 586, 593 (2010). However, plaintiffs have the right to assign an EAJA fee award to his/her lawyer, and where the Commissioner does not oppose the assignment, it can be honored under the Anti-Assignment Act. *See Plisko v. Comm'r Soc. Sec.*, No. 18-CV-827, 2020 WL 3045856, at *2, 2020 U.S. Dist. LEXIS 99707, at *3–4 (W.D.N.Y. June 8, 2020) (citing *Kerr v. Comm'r Soc. Sec.*, 874 F.3d 926, 937 (6th Cir. 2017) ("[u]nless the government waives application of the [Anti-Assignment Act] in EAJA cases, fee awards must be paid to the prevailing party, not to the party's lawyer")).

Here, Plaintiff has agreed to waive direct payment of the EAJA fees and assign the fees to be paid directly to his attorney. (Dkt. No. 14-6, ¶ 6). Because the Government has not responded to Plaintiff's motion and opposed the assignment, the Court awards attorney's fees in the amount of $4,923.66 payable to Plaintiff's counsel.

Accordingly, it is:

**ORDERED** that Plaintiff's motion for attorney's fees pursuant to 28 U.S.C. § 2412, (Dkt. No. 14), is **GRANTED** in the amount of four thousand nine hundred and twenty-three dollars and sixty-six cents ($4,923.66), payable to Plaintiff's counsel.

**IT IS SO ORDERED.**

Date:   October 20, 2020
        Syracuse, New York

*Norman A. Mordue*
Senior U.S. District Judge